# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00545-CR

**Andrew Lee Bailey, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 03-1062-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Andrew Lee Bailey, Sr., guilty of murder and assessed punishment at seventy years' imprisonment. His court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief urging that the evidence is legally and factually insufficient to sustain the conviction. More specifically, appellant argues that the State did not disprove his self-defense claim.

Appellant testified that he and the deceased, Randy Coulter, were involved in an altercation arising out of a dice game several months before the fatal shooting. Thereafter, the two men would exchange insults and threats whenever they encountered each other. On the night in question, appellant and Coulter got into a fist fight at a party. Other people at the party broke up the fight and Coulter left. Later that night, appellant drove to a convenience store to buy cigarettes where he again encountered Coulter. According to appellant, Coulter began to shout curses at him. Appellant said he became angry and, before stepping out of his truck, retrieved the pistol he kept there. Asked why he did not "just get back in [his] truck and go home," appellant said, "I guess because I was angry, upset." Appellant and Coulter approached each other on foot. When they were about a car length apart, Coulter said, "Come on, bring it." When Coulter continued to walk toward him, appellant shot Coulter four times. Appellant explained that he shot Coulter because "I knew in my mind I couldn't handle him hand-to-hand. I was scared." There is no evidence that Coulter was armed.

The use of force in self-defense is not justified in response to verbal provocation alone. Tex. Pen. Code Ann. § 9.31(b)(1) (West 2003). Even when the use of force is justified, *deadly* force may be used only if a reasonable person in the actor's position would not have retreated and if the actor reasonably believed that the deadly force was immediately necessary to protect himself against the other's used or attempted use of deadly force. *Id*. § 9.32(a)(2), (3)(A). Applying the appropriate standards of review, we hold that the evidence was both legally and factually sufficient to support the jury's implicit finding that appellant's conduct was not justified by self-

2

defense.  *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency).

We have reviewed the record, counsel's brief, and the pro se brief.  We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 10, 2005

Do Not Publish

3